UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD DAVIS,

                Petitioner,

   -v-

VICTOR HERBERT, Superintendent, Attica
Correctional Facility,

                Respondent.

No. 00 Civ. 6691 (RJS) (DFE)

ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Donald Davis petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. In a judgment rendered on October 1, 1998, following his guilty plea in the Supreme Court of the State of New York, New York County, petitioner was convicted of two counts of murder and one count of attempted murder, and sentenced to a term of 40 years to life. By order dated October 25, 2004, the Honorable Douglas F. Eaton, Magistrate Judge, to whom this matter had been referred for review, issued a Report and Recommendation (the "Report"), recommending that this Court deny petitioner's application for a writ of habeas corpus.[1] Petitioner timely submitted a twenty-five page document entitled "Objections to Magistrate Judge Reports" on November 5, 2004 (hereinafter, the "Objection").[2]

---

[1] This case was previously assigned to the Honorable Denise L. Cote, District Judge, and was reassigned to the Honorable Kenneth M. Karas, District Judge, on September 15, 2004. The case was reassigned to the undersigned on September 4, 2007.

[2] Petitioner was previously represented by counsel in this action; however, because his counsel's motion to withdraw from this action was granted on November 14, 2007, petitioner now appears *pro se*. Notably, although the Objection was submitted during the period in which petitioner was represented by counsel, it appears to have been prepared by petitioner in his individual capacity, and, indeed, bears only petitioner's — and not his counsel's — signature. Accordingly, the Court considers the Objection to be a *pro se* filing and, therefore, construes it to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)); *accord Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1981).

For the following reasons, the Court adopts the Report in its entirety and denies petitioner's application for habeas relief.

Normally, where a party has filed timely written objections to a magistrate judge's report and recommendation, the Court reviews the report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, where the objections filed are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review the report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (internal quotations omitted); *accord Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In addition, upon review of a habeas petitioner's objections to a magistrate judge's report and recommendation, the Court may not consider claims raised for the first time in the petitioner's objections — that is, claims not asserted in the petitioner's original and/or supplemental habeas petitions. *See Chisolm v. Headley*, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) (citing *Harris v. Pulley*, 885 F.2d 1354, 1377-78 (9th Cir. 1988)); *Riggi v. United States*, No. 04 Civ. 7852 (JSR), 2007 WL 2245595, at *1 (S.D.N.Y. Aug. 6, 2007); *McPherson v. Johnson*, No. 95 Civ. 9449 (MBM), 1996 WL 706899, at *2 (S.D.N.Y. Dec. 9, 1996) ("Petitioner cannot raise, in his objection to the Magistrate Judge's Report, new claims not raised in his initial petition.") (internal citation omitted).

Here, petitioner's Objection — even as liberally construed — merely repeats arguments previously made in his earlier submissions and/or raises, for the first time, claims not asserted in his original or supplemental habeas petitions.[3] Indeed, in the Objection, petitioner does not even

---

[3] Specifically, petitioner asserts new claims relating to his competency to stand trial in state court, the inadequacy of the "fact finding procedure" in state court, "newly discovered evidence" regarding a conflict of interest among petitioner's trial counsel, and the state court's failure to conduct a hearing regarding this purported conflict of interest. (Pet.'s Obj. at 1.) Petitioner did not present these claims to the state courts reviewing his

2

attempt to identify any specific errors contained in the Report. The Court shall therefore review the Report for clear error.

Having reviewed the full record in this action, including, among other things, the original and supplemental habeas petitions, the parties' respective submissions in this Court and in New York State court, applicable law, and the Objection submitted by petitioner, the Court finds that Magistrate Judge Eaton did not err in recommending the denial of petitioner's application for habeas relief. Accordingly, the Court adopts the Report in its entirety and petitioner's application for habeas relief is DENIED.

The petitioner may not appeal this order "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). A certificate will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *see generally United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that petitioner will not be able to sustain this burden. Thus, the

---

conviction. Thus, petitioner's new claims are procedurally barred from federal habeas review because petitioner has not even attempted to show cause for his failure to raise these claims and/or prejudice arising from the alleged constitutional violations. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Nuetzel v. Walsh*, No. 00 Civ. 8776 (RJH), 2006 WL 2742000, at *3 (S.D.N.Y. Sept. 26, 2006). In addition, with regard to the purportedly "newly discovered evidence" of a conflict of interest, petitioner fails to identify any new evidence relating to his state court conviction or to articulate the purported conflict of interest that affected his trial counsel's performance. Accordingly, even assuming *arguendo*, that this claim was not procedurally barred from habeas review, petitioner has failed to demonstrate that "during the course of the representation, the attorney[s'] and the [petitioner's] interests diverge[d] with respect to a material factual or legal issue or to a course of action." *United States v. Jones*, 455 F.3d 134, 150 (2d Cir. 2006) (internal quotation marks and citations omitted) ("The defendant's mere assertion . . . that his attorney is providing less than constitutionally effective assistance, which requires the attorney to defend his preparation and strategy, is not itself sufficient to create a divergence of the attorney's interests from those of the defendant."). In addition, the Court notes that the overwhelming majority of petitioner's Objection is comprised of long and often unintelligible descriptions of the law regarding, it appears, the constitutional standards for ineffective assistance of counsel. The Court has attempted to construe these portions of the Objection as presenting the best arguments they suggest, but, despite its efforts, cannot discern an intelligible connection between these obtuse legal discussions and any arguments that could possibly be advanced in support of petitioner's application for habeas relief.

3

Court declines to issue a certificate of appealability. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to enter judgment against petitioner and to close this case.

SO ORDERED.

Dated: New York, New York
February 22, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order are being sent by mail to:

Donald Davis
Auburn Correctional facility
135 State Street
P.O. Box 618
Auburn, NY 13021-1800

Ellen Sue Handman
Assistant District Attorney, New York County
One Hogan Place
New York, NY 10013

Magistrate Judge Douglas F. Eaton